**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LILLY ALDEGUER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:25-cv-48 |
| ) | |
| v. ) | |
| ) | **PLAINTIFF DEMANDS** |
| CONAGRA FOODS, INC. and., ) | **TRIAL BY JURY** |
| CONAGRA BRANDS, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, **LILLY ALDEGUER,** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **TOMASIK KOTIN KASSERMAN, LLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendants **CONAGRA FOODS, INC.** and **CONAGRA BRANDS, INC. (**hereafter collectively referred to as "Defendants" or "Conagra"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.  Conagra designs, manufactures, markets, imports, distributes and sells kitchen products, including the subject Pam Cooking Spray (referred to hereafter as "cooking spray(s)") that is at issue in this case.

2.  On or about January 6, 2023, about an hour into her shift at Park Meadows Retirement Home, Plaintiff was waiting for an order to be finished in the kitchen. She was standing by the server counter, where the food would be set out.

3. The stove was about 10 feet away, and the can of the subject cooking spray for that cooking station was next to the stove when the can of cooking spray by the stove exploded. The force of the explosion sent the can flying through the air like a rocket; slamming into Plaintiff's right arm.



The subject cooking spray following the
incident on January 6, 2023

4. As a result of the incident Plaintiff sustained, *inter alia,* first degree and second degree burn injuries and lacerations to right upper extremity. Said injuries have resulted in painful, permanent scarring, that will be with Plaintiff for the rest of her young life.

5. Conagra knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its cooking sprays to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective cooking sprays regardless of the risk of significant injuries to Plaintiff and consumers like her.

6. Conagra ignored and/or concealed its knowledge of these defects in its cooking spray from the Plaintiff in this case, as well as the public in general, in order to continue generating

a profit from the sale of said cooking sprays, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

7. As a direct and proximate result of Conagra's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF LILLY ALDEGUER

8. Plaintiff is a resident and citizen of the City of Overland Park, County of Johnson, State of Kansas.

9. On or about January 6, 2023, about an hour into her shift at Park Meadows Retirement Home, Plaintiff was waiting for an order to be finished in the kitchen. She was standing by the server counter, where the food would be set out. The stove was about 10 feet away, and the can of the subject cooking spray for that cooking station was next to the stove when the can of cooking spray by the stove exploded. The force of the explosion sent the can flying through the air like a rocket; slamming into Plaintiff's right arm.

10. The incident occurred as the result of Defendant's failure to redesign the subject cooking spray, despite the existence of economical, safer alternative designs; as well as their failure to provide adequate warnings concerning the risk of venting, fire and injuries.

### DEFENDANTS CONAGRA FOODS, INC. & CONAGRA BRANDS, INC.

11. Conagra designs, manufactures, markets, imports, distributes and sells kitchen products, including the subject cooking spray that is at issue in this case.

12. At all times relevant to this complaint, Defendant Conagra Brands, Inc. was a Delaware corporation with its principal place of business in Chicago, Illinois. It was formerly known as ConAgra Foods, Inc.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants are residents of this District.

## FACTUAL BACKGROUND

15.     Conagra is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the cooking sprays at issue in this litigation.

16.     On or about January 6, 2023, about an hour into her shift at Park Meadows Retirement Home, Plaintiff was waiting for an order to be finished in the kitchen. She was standing by the server counter, where the food would be set out.

17.     The stove was about 10 feet away, and the can of the subject cooking spray for that cooking station was next to the stove when the can of cooking spray by the stove exploded. The force of the explosion sent the can flying through the air like a rocket; slamming into Plaintiff's right arm.

18.     As a result of the incident Plaintiff sustained, *inter alia,* first degree and second degree burn injuries and lacerations to her right upper extremity. Said injuries have resulted in painful, permanent scarring, that will be with Plaintiff for the rest of her young life.

19.     The subject cooking spray was designed, manufactured and filled in Illinois.

20. The incident occurred as the result of Defendant's failure to redesign the subject cooking spray, despite the existence of economical, safer alternative designs; as well as their failure to provide adequate warnings concerning the risk of venting, fire and injuries.

21. Specifically, the subject cooking spray was designed and manufactured without adequate ventilation to prevent the combustion of the cannister when exposed to heat. As a result, the internal contents of the canister could not escape through the vents; causing the pressure inside the canister to increase and resulting in the subject incident.

22. The cooking spray was used for its intended purpose and was done so in a manner that was reasonable and foreseeable by Conagra.

23. Defendant's cooking sprays possess defects that make them unreasonably dangerous for their intended use by consumers because of the lack of adequate venting.

24. Economic, safer alternative designs were available that could have allowed the cannister to adequately vent and significantly reduce the likelihood of an event like the one that injured the Plaintiff in this case.

25. Defendant knew or should have known that its cooking sprays possessed defects that pose a serious safety risk to Plaintiff and the public.

26. As a direct and proximate result of Conagra's intentional concealment of such defects, its failure to warn consumers of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff was injured by an unreasonably dangerous product.

27. Consequently, the Plaintiff in this case seeks damages resulting from the incident as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

28.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

29.     At the time of Plaintiff's injuries, Defendant's cooking spray was defective and unreasonably dangerous for use by foreseeable consumers.

30.     Defendant's cooking spray was in the same or substantially similar condition as when it left the possession of the Defendants.

31.     Plaintiff did not misuse or materially alter the cooking spray.

32.     The cooking sprays did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

33.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the cooking sprays safe. Specifically:

   a.  The cooking sprays designed, manufactured, sold, and supplied by Conagra were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b.  The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c.  Conagra failed to properly market, design, manufacture, distribute, supply, and sell the cooking sprays, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d.  Conagra failed to design the cannisters of the subject cooking spray with appropriate venting, despite knowledge that the aforementioned incidents injuries would and do occur;

   e.  Conagra failed to warn and place adequate warnings and instructions on the cooking sprays;

   f.  Conagra failed to adequately test the cooking sprays; and

g. failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

34. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

36. Defendant NuWave had a duty of reasonable care to design, manufacture, market, and sell non-defective cooking sprays that are reasonably safe for their intended uses by consumers, such as Plaintiff.

37. Conagra failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its cooking sprays in that it knew or should have known that said cooking sprays created a high risk of unreasonable harm to the Plaintiff and consumers alike.

38. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its cooking sprays in that, among other things, it:

a. The cooking sprays designed, manufactured, sold, and supplied by Conagra were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Conagra failed to properly market, design, manufacture, distribute, supply, and sell the cooking sprays, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Conagra failed to design the cannisters of the subject cooking spray with appropriate venting, despite knowledge that the aforementioned incidents injuries would and do occur;

e. Conagra failed to warn and place adequate warnings and instructions on the cooking sprays;

f. Conagra failed to adequately test the cooking sprays; and

g. failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

39. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the cooking sprays were still pressurized, Defendant continued to market (and continue to do so) its cooking sprays to the general public.

40. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which they entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant s cooking sprays;

c. pre and post judgment interest at the lawful rate;

    d.   exemplary, punitive, and treble damages on all applicable Counts as permitted by the law;

    e.   a trial by jury on all issues of the case;

    f.   an award of attorneys' fees; and

    g.   for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

Date: January 3, 2025        BY:   */s/ Timothy S. Tomasik*
                           Attorney for Plaintiff

**TOMASIK KOTIN KASSERMAN, LLC**
Timothy S. Tomasik
Loren Legorreta
161 N. Clark St., Suite 3050
Chicago, Illinois 60601
(312) 605-880
tim@tkklaw.com
loren@tkklaw.com

*In association with:*

**JOHNSON BECKER, PLLC**
 Adam J. Kress, Esq.  (MN ID #0397289)    *Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiff***